IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00071-BNB

ANDERSON GERSON MONTANO,

    Applicant,

v.

TOM CLEMENTS, Exec. Dir., CDOC, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

I.  Background

    Applicant, Anderson Montano, is in the custody of the Colorado Department of Corrections and currently housed at the Fremont Correctional Facility in Cañon City, Colorado.  Mr. Montano, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, Doc. No. 1.  In an order entered on February 14, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  Respondents filed a Pre-Answer Response, Doc. No. 9, on March 5, 2012.  Mr. Montano filed a Reply on March 16, 2012.

    Mr. Montano asserts that he was convicted on May 9, 2004, by a trial jury in the Denver County District Court Case No. 02CR4156 of one count of a class two felony under Color. Rev. State § 18-3-302(2)(3); two counts of a class four felony under Colo.

Rev. Stat. § 18-3-405; and one count of a violation under Colo. Rev. Stat. § 18-3-405(1)(2)(d). Application at 1-2. Mr. Montano also asserts that he filed a direct appeal and possibly two Colo. R. Crim. P. 35(c) postconviction motions. Application at 2-4.

Mr. Montano's claims are vague, but it appears he is asserting that his *Miranda* rights were violated and that the trial court erred in denying his motion to suppress the statements he made to the police. Application at 10-13.

II.  Analysis

For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

A.  28 U.S.C. § 2244(d) Time-Bar

Respondents argue that Mr. Montano's Application is time-barred. Under 28 U.S.C. § 2244(d):

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (D)  the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2)  The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

To apply the one-year limitation period, the Court first must determine the date Mr. Montano's conviction became final. Respondents assert, Pre-Answer Resp. at 2, and Mr. Montano does not disagree, that his petition for certiorari review of his direct appeal was denied on January 22, 2008. Mr. Montano's conviction then became final on April 21, 2008, upon the expiration of the time for Mr. Montano to petition the United States Supreme Court for certiorari review. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

The next question the Court must answer is whether any of the state court postconviction proceedings Mr. Montano initiated tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. Respondents assert, Pre-Answer Resp. at 2-3, and Mr. Montano does not disagree, that he filed (1) a Colo. R. Crim. P. 35(b) postconviction motion on May 23, 2008, that was denied on August 4, 2008, but he did not appeal; (2) a Colo. R. Crim. P. 35(c) postconviction motion on February 3, 2010, that was denied on February 4, 2010, but again did not appeal; and (3) a second Rule 35(c) postconviction motion on May 7, 2010, that was denied and

which he did appeal. That appeal remains pending in the Colorado Court of Appeals.

Assuming each postconviction motion was properly filed, the time for purposes of § 2244(d) was not tolled from April 22, 2008, the day after Mr. Montano's conviction was final, until May 22, 2008, the day prior to when Mr. Montano filed his first postconviction motion. The time also was not tolled from September 19, 2008, the day after the time expired for Mr. Montano to appeal the denial of the first postconviction motion, until February 2, 2010 , the day prior to when he filed his second postconviction motion. Finally the time was not tolled from March 23, 2010, the day after the time expired for Mr. Montano to appeal the denial of the second postconviction motion, until May 6, 2010, the day prior to when Mr. Montano filed his third postconviction motion. The total time not tolled is 578 days.

Mr. Montano does not allege in the Application or the Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to his claims. He also does not assert that he did not know or could not have discovered the factual predicate for his claims challenging the validity of his conviction and sentence at the time of his conviction and direct appeal or that there were any impediments to filing an application regarding the claims which were created by state action.

Mr. Montano's only assertion regarding timeliness is that there is no time limitation in filing a civil action. Application at 7.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented

timely filing." *Id.* at 2652 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato,* 549 U.S. 384, 396 (2007)). The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930. Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, "a sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." *Lopez v. Trani*, 628 F.3d 1228, 1230 (10th Cir. 2010).

Mr. Montano fails to allege any facts, in either the Application or the Reply that justify equitable tolling of the one-year limitation period with respect to his claims. Therefore, the action will be dismissed as time-barred under 28 U.S.C. § 2244(d).

B. State-Court Exhaustion

Because the action clearly is time-barred the Court will refrain from addressing whether Mr. Montano has exhausted his state court remedies.

III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Montano files a notice of appeal he must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Montano has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   17th   day of     April     , 2012.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court